IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.    07 CR 851-8 |
| v. | ) | |
| | ) | |
| VICTOR VELAZQUEZ | ) | |

**DEFENDANT VICTOR VELAZQUEZ'S MOTION FOR HEARING OR PROFER ON ADMISSIBILITY OF CO-CONSPIRATOR'S STATEMENTS**

Defendant, Victor Velazquez, by his attorney, Michael P. Gillespie, respectfully requests this Honorable Court hold a hearing pursuant to Rule 104 (a) of the Federal Rules of Evidence to determine whether or not the statements of any of the co-conspirators listed in the indictment and any other un-indicted co-conspirator(s) are admissible against Defendant. In support of this motion, Defendant states the following:

1. Upon information and belief, the government intends to introduce statements of alleged charged and uncharged co-conspirator(s) against Defendant at trial, pursuant to rule 801(d)(2)(E) of the Federal Rules of Evidence.

2. Such co-conspirator's statements are inadmissible hearsay under Rules 801 (c) and 802 of the Federal Rules of evidence unless the government can demonstrate, by a preponderance of the evidence, that:

   a. a conspiracy existed, and;

   b. the defendant was a member of the alleged conspiracy, and;

   c. the statement was made during the course of and in furtherance of the conspiracy. Federal rule of Evidence 801 (d)(2)(E), *Bourjaily v. United states,* 107 S.Ct. 2775, 2778 (1987); *United States v. Nixon*, 418 U.s. 683, 708 n. 14 (1974); *United States v. Gil*, 604 F.2d 546, 548 (7th Cir. 1979); *United States v. Santiago*, 582 F.2d 1128 (7th Cir 1978).

3.      "Rule 104 [of the Federal Rules of Evidence] requires a preliminary determination by the trial judge as to the admissibility of the declaration of a co-conspirator." *Santiago*, 582 F.2d 1131. The Seventh Circuit has recognized that the district court has a duty to screen proposed co-conspirator statements for admissibility. *United States v. Stephenson*, 53 F.3d 836, 842 (7th Cir. 1995); Fed R. Evid. 104(a). A recognized way of bringing such issues to the district court's attention is through the government's filing of a pre-trial proffer pursuant to *Santiago*. *United States v. Rodriguez*, 975 F2d 404, 406 (7th Cir. 1992). Admission of such statements without the requisite showing by the government would violate the defendant's Sixth Amendment confrontation right.

4.      A pre-trial proffer is the preferred procedure and has been approved by the Seventh Circuit. *United States v. Haynie*, 179 F.3d 1048, 1050 (7th Cir. 1999). A preliminary determination is necessary because; (a) it ensures that prejudicial information does not erroneously reach the jury requiring a mistrial as in *United States v. Sunn*, 544 F.2d 348 (9th Cir. 1977), (b) it contributes to efficiency at trial by eliminating many trial objections and rulings, (c) it lessens potential jury confusion, and (d) it facilitates appellate review. *See, Santiago* supra, and *United States v. Mahone*, 537 F2d. 922, 929 (7th Cir.) *cert. denied*, 429 U.S. 922 (1976). An advance ruling is especially critical in conspiracy cases where an adverse ruling in a joint trial may require defendants to move for separate trials.

WHEREFORE, for the foregoing reasons, Defendant requests a hearing or a proffer pursuant to Rule 104(a) wherein these issues may be determined.

Respectfully submitted,

/s/ Michael P. Gillespie

MICHAEL P.GILLESPIE
MICHAEL P. GILLESPIE, LTD.
53 W. Jackson Blvd., Suite 1420
Chicago, IL 60604
(312) 286-6687