IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No.    07  CR  851-8 |
| v.    ) | |
| ) | |
| VICTOR VELAZQUEZ    ) | |

**DEFENDANT VICTOR VELAZQUEZ'S MOTION FOR DISCLOSURE
OF IMPEACHING AND EXCULPATORY INFORMATION**

Defendant, Victor Velazquez, by his attorney, Michael P. Gillespie, respectfully moves this Honorable Court, pursuant to the Fifth and Sixth Amendments to the United States Constitution, and rule 16 (a)(1)(E) for the Federal Rules of Criminal Procedure, for entry of an order directing the government to make inquiry and disclose all evidence at least thirty days prior to trial, which may lead to the impeachment of any government witnesses, as required by *Giglio v. United States*, 504 U.S. 150 (1972), which evidence is in the government's possession, custody or control, or the existence of which is known, or by the exercise of due diligence could become known to it. The instant request pertains generally to any witness the government intends to call at trial. It is the defendant's belief that at trial the government may call to testify witnesses who have been involved in narcotics trafficking in the past. These potential government witnesses long with others may also have a history of substance abuse.

1.      Defendant requests under *Giglio v. United states*, 405 U.S. 150 (1972), the following materials and information, which materials and information may be used to impeach the credibility of prospective government witnesses and are "material to the preparation of his defense" under Federal Rule of Criminal Procedure 16 (a)(1)(C):

    a. Any and all records and information revealing prior felony convictions or guilty verdicts or juvenile adjudications attributed to each prospective government witness, including but not limited to relevant rap sheets;

    b. any and all records and information revealing prior misconduct or bad acts attributed to the witness, (especially with regard to narcotics trafficking) Rule 608, Federal Rules of Evidence.

    c. Any and all consideration or promises of consideration given to or on behalf of the witness or expected or hoped for by the witness, made by any law enforcement personnel, federal or state. By "consideration" defendant refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to persons of concern to the witness, including but not limited to formal or informal, direct or indirect leniency, favorable treatment, recommendations or other assistance with respect to any pending or potential case or cases, criminal or civil, federal or state; payments of money, rewards of fees, witness fees and special witness fees, provisions of food, clothing, shelter, transportation, legal services or other benefits; placement in a "witness protection program", informer status of the witness; and anything else which arguable could reveal an interest, motive or bias in the witness in favor of the government or against the defense or act as an inducement to testify or to color testimony. In connection with any and all disclosures made herein, defendant requests:

    1. description of the "agreement" made with the witness;
    2. the name and address of the agency or authority with whom the "agreement was made;
    3. all documents that purport to embody the "agreement", in whole or in part.

    d. A statement as to whether any prospective government witness has ever worked for, on any basis, or given information, with or without compensation, to any of the federal or state agencies or authorities. In connection with any and all disclosure made herein, defendant specifically requests:

    1. the identity of the agency or authority;
    2. the date(s) on which work was performed or information delivered;
    3. the nature of the compensation, if any;
    4. any other relevant information.

    e. Any and all threats, expressed or implied, direct or indirect, or other coercion made to or directed against the witness; criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against the witness; any probationary, parole, deferred prosecution or custodial status of the witness; and any civil tax court, court of claims, administrative, or other pending or potential legal disputes or transaction with plaintiff or over which plaintiff has real, apparent, or perceived influence.

    f. The existence and identification of each occasion on which the witness has testified before any court, grand jury, or other tribunal or body or otherwise officially narrated in relation to the defendant, the investigation, or the facts of this case, and the record or transcript of all such testimony.

    g. Any and all statements of any nature of description gathered during the investigation of this case, which statements are in actual or potential conflict with any other statements made by the same individual.

    h. any and all other records and/or information which arguably could be helpful or useful to defense in impeaching or otherwise detracting from the probative

force of the government's evidence or which arguably could lead to such records or information.

    2.    Defendant further requests under *Giglio v. United States*, 405 U.S. 150 §whether oral or recorded regarding;

    1.    mental, emotional, or behavioral problems, symptoms, treatment, or examinations, or hospitalizations, including but not limited to psychiatric or psychological disorders;

    2.    alcoholism or use of alcohol, including but not limited to symptoms, examinations, treatment, or hospitalization for alcoholism, alcohol abuse, use of alcohol, or any alcohol related disorder, whether physical, mental or behavioral;

    3.    drug addiction or use of drugs, including but not limited to cocaine, marijuana, amphetamines, prescription drugs, heroin, including but not limited to use of, symptoms of, examination for, treatment for, or hospitalization for use of or abuse of such substances.

This request includes those portions of **Pretrial Services Reports** and **Presentence Investigation Reports** that pertain to substance abuse.

If the government withholds any of the material or information requested in this motion, defendant requests the government to state the grounds upon which the material or information is being withheld. Importantly, defendant would note that 18 U.S.C. §3500 presents no obstacle to production and disclosure in this case because the constitutional requirements of the Due Process Clause control over the terms of a congressional enactment. *See, United States v. Starusko*, 729 F.2d 256, 263 (3rd Cir. 1984).

Defendant further requests that the court order be in the nature of a continuing order upon the government to produce such evidence, which may be favorable to the Defendant at any time.

WHEREFORE, Defendant Victor Velazquez, respectfully requests that this motion be granted.

                                                Respectfully submitted,

                                                /s/ Michael P. Gillespie

MICHAEL P.GILLESPIE
MICHAEL P. GILLESPIE, LTD.
53 W. Jackson Blvd., Suite 1420
Chicago, IL 60604
(312) 286-6687